Singh v. Sessions

BIA
Poczter, IJ
A205 422 053

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand eighteen.

PRESENT:
>       JOSÉ A. CABRANES,
>       DENNY CHIN,
>       SUSAN L. CARNEY,
>             *Circuit Judges.*

_____

SARVAN SINGH,
>       *Petitioner*,

>       v.                                            17-741
>                                                     NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:            Anas J. Ahmed, Pannun The Firm,
                           P.C., Jackson Heights, NY.

FOR RESPONDENT:            Chad A. Readler, Principal Deputy
                           Assistant Attorney General;
                           Brianne Whelan Cohen, Senior
                           Litigation Counsel; Mona Maria
                           Yousif, Trial Attorney, Office of
                           Immigration Litigation, United
                           States Department of Justice,
                           Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sarvan Singh, a native and citizen of India, seeks review of a March 3, 2017, decision of the BIA affirming a February 12, 2016, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sarvan Singh,* No. A 205 422 053 (B.I.A. Mar. 3, 2017), *aff'g* No. A 205 422 053 (Immig. Ct. N.Y. City Feb. 12, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam) (applying substantial evidence standard to credibility rulings).

In making a credibility determination, the agency must "consider[] the totality of the circumstances" and may base

2

a finding on the applicant's "demeanor, candor, or responsiveness, the inherent plausibility of the applicant's . . . account," inconsistencies in the applicant's statements or between his statements and other evidence, and "any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 164, 166-67.  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.  The inconsistencies among Singh's statements and his lack of reliable corroboration provide substantial evidence for the adverse credibility determination.

As an initial matter, Singh contends that the agency erred in relying on his border interview to assess his credibility.  An IJ may rely on statements made at a border interview provided that the interview record is reliable. *Ming Zhang v. Holder*, 585 F.3d 715, 721 (2d Cir. 2009).  The agency reasonably concluded that the record of Singh's border interview was sufficiently reliable: (1) the record appears to be a verbatim account of the questions asked and Singh's

3

responses; (2) the interviewer asked for details about Singh's claim of past harm and his political activities; (3) Singh answered all questions posed; and (4) Singh confirmed he understood the Punjabi translator. *See id.* at 721-22; *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-80 (2d Cir. 2004).

The inconsistencies among Singh's statements at the border interview, his credible fear interview, and his hearing provide substantial evidence for the agency's adverse credibility determination because they relate to Singh's level of political activity and his allegations of past harm. *See Xiu Xia Lin*, 534 F.3d at 163-64; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (concluding that a material inconsistency concerning alleged mistreatment that formed the basis of the asylum claim was substantial evidence for an adverse credibility determination). First, Singh stated at his border interview that he was targeted because of his father's affiliation with the party and confirmed that he knew nothing about the Shiromani Akali Dal Amritsar Party. But he stated at his credible fear interview that he spent several months putting up posters at the party's rallies. And at his hearing, Singh did not mention the

4

posters, but testified to attending rallies where he "raise[d] slogans against [the] Congress Party" and served food to participants. Second, Singh stated at his border interview that the police beat him five or six times, but at both his credible fear interview and hearing, he recounted only two incidents of police violence.

Singh's varied explanations for the inconsistencies were not compelling. "A petitioner 'must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.'" *Sk Shahriair Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 66, 76 (2d Cir. 2004)). The agency was not required to accept Singh's explanations for his misstatements at his border interview, that he did not remember denying any political activity and that he gave incorrect answers because he was "scared" and his "mind . . . was not working correctly." *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 397 n.6 (2d Cir. 2005) (per curiam) (explaining that nervousness during a border interview does not preclude the agency from relying on interview statements if the interview is otherwise reliable). Nor was the IJ

required to credit Singh's attempt to differentiate between a party member and a party supporter because he stated at the border interview that he knew nothing about the Shiromani Akali Dal Amritsar Party that he later testified to supporting. *See Majidi*, 430 F.3d at 80.

As these inconsistencies undermined Singh's credibility, the agency reasonably relied on Singh's failure to rehabilitate his testimony with reliable corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). The IJ reasonably declined to give weight to a non-contemporaneous medical record. *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence."). Nor did the agency err in declining to credit letters from Singh's father and other individuals in India because the authors were not available for cross-examination and Singh's father was an interested party. *See id.* at 334 (deferring to agency's decision not to credit letter from applicant's spouse); *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (BIA 2010) (giving diminished weight to letters from relatives because they were from interested witnesses not subject to cross-examination), *rev'd*

6

*on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). And Singh did not corroborate the more recent attack on his mother despite being in regular contact with her. *See Chuilu Liu v. Holder*, 575 F.3d 193, 198 (2d Cir. 2009) (noting that it is the alien's burden to corroborate "without prompting from the IJ").

Given Singh's inconsistent statements, which go to the heart of his claim, and the lack of reliable corroboration, the "totality of the circumstances" supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court